HUBBARD *v.* GRAVES

5-3711                                      398 S. W. 2d 69

Opinion delivered January 17, 1966

*Jeptha A. Evans,* for appellant.

No brief filed for appellee.

PAUL WARD, Justice. This litigation grows out of a collision between two automobiles on November 23, 1961 in Conway County.

One car, driven by Charles Graves and owned by his wife Irene Graves (appellees herein), was traveling south on a public highway when it collided with the other car, owned and driven by Burna Dean Hubbard (appellant herein), which was traveling north when the collision occurred. As a result of the collision Mr. Graves and appellant allegedly suffered personal injuries and Mrs. Graves' car was damaged.

Appellees filed suit asking $47,000 for personal injuries and $1,000 for car damage resulting from appellant's negligence. Appellant filed a general denial and also a counterclaim for $3,000.

A trial before the Circuit Judge, sitting as a jury, resulted in a judgment for $600 in favor of Mr. Graves

and $200 in favor of Mrs. Graves, and a dismissal of appellant's counterclaim. In arriving at the above results the trial court found: "that both, Plaintiff Charles Graves and Defendant Burna Dean Hubbard, were guilty of negligence in the operation of their respective vehicles and that such negligence was the proximate cause of the aforesaid collision. Under the doctrine of comparative negligence the court further finds that the negligence of the Defendant, Burna Dean Hubbard, exceeded that of Plaintiff, Charles Graves, and that the Cross-Complaint of the said Defendant, Burna Dean Hubbard, should be dismissed."

On appeal appellant's only contention is that the findings of the trial court are not supported by the evidence. We are unable to agree with that contention.

First we point out that appellant is in error in her contention the judgments must be supported by a preponderance of the evidence, relying on the case of *Smith v. Magnet Cove Barium Corporation,* 212 Ark. 491, 206 S. W. 2d 442. This case, being on appeal from Chancery Court, does not state the rule applicable in the case under consideration here where the issues were decided by the circuit judge sitting as a jury. That being true, the judge's findings must be affirmed if supported only by substantial evidence. *Norvell v. James,* 217 Ark. 932, 234 S. W. 2d 378 and *Salem School District No.* 30 v. *United Structures, Inc.,* 232 Ark. 939, 341 S. W. 2d 50. It is our conclusion there is such supporting evidence in the record.

There was testimony tending to show both cars skidded before they collided and that appellant's car was on the wrong side of the road immediately before the collision. It is true all the witnesses did not agree on just what caused the collision, but the trial court saw and heard the witnesses and was, therefore, in a better position than we are to judge their credibility. There is

no contention the amounts of the awards were not supported by substantial evidence.

Affirmed.

COBB, J., not participating.